In the Matter of the Estate of ANNA WORLEIN SNYDER, Deceased.

Surrogate's Court, Montgomery County, January 11, 1935.

*Pratt & Fowler* [*E. S. Jacobs* of counsel], for the petitioner.

*William J. Crangle*, for Nancy W. Allter and another.

AULISI, S. Anna Worlein Snyder, a resident of the town of Minden, N. Y., died on October 20, 1933, leaving surviving two sisters, Nancy W. Allter and Maria Worlein, her only distributees.

A paper dated February 23, 1927, written wholly in decedent's own hand, has been offered for probate and it is alleged to be her last will and testament.

The decedent signed the instrument, in which she gives nearly all of her property to Mabel Snyder Vincent, a sister-in-law, but there are no other signatures thereon. Upon this proceeding the petitioner has produced two witnesses, Maggie Luft and Jane French, who were present at the time the paper was written by decedent. Mrs. French is the mother of Mrs. Vincent. From the proof it appears that the decedent properly declared the paper to be her will and requested each of the witnesses to sign. This, however, the witnesses failed to do and the document was placed in an envelope with the name " Mabel Vincent " written thereon and handed to Mrs. French for delivery to her daughter.

The question involved is whether the document has been executed as required by the statute. Subdivision 4 of section 21 of the Decedent Estate Law provides as follows: " There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator." The petitioner contends that the instrument under consideration being holographic the statute has been substantially complied with and that the intent of the testatrix should govern.

It has long been the settled policy of this State to require certain formalities to be observed in the execution of wills, and among these it is required that there shall be at least two attesting witnesses, each of whom shall sign his name as witness, at the end of the will, at the request of the testator. The statute makes no exception with respect to a holographic will in its requirements as to execution, and while the tendency of the courts has been not to require as strict proof in such cases, substantial compliance is necessary. The primary rule governing the interpretation of wills recognizes and endeavors to carry out the intention of the testator. This applies, however, after the will has been admitted to probate, and the rule cannot be invoked in the construction of the statute regulating its execution. In the latter case courts do not consider the intention of the testator, but that of the Legislature. The question is not what did the testator intend to do, but what has he done in the light of the statute. (*Matter of O'Neil*, 91 N. Y. 520; *Matter of Beckett*, 103 id. 167; *Matter of Andrews*, 162 id. 1; *Matter of Turell*, 166 id. 330.)

The Legislature in imposing these restrictions intended to prevent frauds and uncertainty in the testamentary dispositions of property, and while often it may happen that a will truly expressing the intention of the testator is denied probate for failure of proper

execution, it is better this should happen under a proper construction of the statute than that the individual case should be permitted to weaken those provisions intended to protect testators generally from fraudulent alterations of their wills.

An examination of the numerous authorities upon the question involved fails to disclose a single instance in which a document was admitted to probate where at least two witnesses had not signed at the end of the paper.

I, therefore, conclude that to admit the propounded paper to probate would weaken the safeguards against imposition and fraud which the Legislature intended to prevent, and I accordingly decline to admit same to probate.

Probate denied.